UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:18-cv-04954 |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | Hon. Thomas M. Durkin |
| | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS**

***ANSWER***

COMES NOW Defendant John Doe (hereinafter "Defendant"), by and through counsel,

and hereby answers Plaintiff's Complaint in this action as follows:

**Introduction**

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17

U.S.C. §§ 101 et seq. (the "Copyright Act").

**ANSWER**:      Admitted.

2.      Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed,

Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the

copyrighted movies set forth on Exhibit B.

**ANSWER**:      Denied.

3.     Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.")

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and on that basis the allegations are denied.

### Jurisdiction And Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

**ANSWER**:    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis the allegations are denied. Assuming that Plaintiff does own the copyrights set forth on Exhibit B to the Complaint, Defendant admits that this Court would have subject matter jurisdiction over this matter.

5.     Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that Defendants acts of copyright infringement occurred using an Internet Protocol address (IP address) trace to a physical location within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

**ANSWER**:    Defendant admits that he resides in the District, and admits that personal jurisdiction is proper. Defendant does not have sufficient information to admit or deny the

remaining allegations contained in Paragraph 5 of Plaintiff's Complaint, and on that basis the remaining allegations are denied.

6.      Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

**ANSWER**:      Defendant admits that Plaintiff has filed over 1,000 cases. Defendant does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 6, and on that basis the remaining allegations are denied.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

**ANSWER**:      Defendant admits that he resides in this judicial district and admits that venue is proper on this basis. Defendant otherwise lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 7, and on that basis the remaining allegations are denied.

## Parties

8.      Plaintiff, Malibu Media, LLC (d/b/a "X-Art.com"), is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362.

**ANSWER**:    Defendant does not have sufficient information to admit or deny the allegations contained in Paragraph 8, and on that basis they are denied.

9.    Plaintiff only knows Defendant by his, or or or its IP Address. Defendant's IP address is set forth on Exhibit A.

**ANSWER**:    Defendant denies that his identity is unknown to Plaintiff. Defendant's counsel has provided Plaintiff's counsel with his name and address. Defendant admits that an IP address purportedly assigned to him by his internet service provider is listed on Exhibit A to Plaintiff's Complaint.

10.    Defendant's Internet Service Provider can identify the Defendant.

**ANSWER:**    Defendant admits that the internet service provider can identify the account holder assigned to the IP address.

## Factual Background

I.    *Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

11.    The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie files.

**ANSWER**:    As to the description of BitTorrent technology, admitted. Defendant denies infringing Plaintiff's copyrights.

12.    BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly

with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

**ANSWER**:    Defendant lacks sufficient knowledge or information to admit or deny the implied allegation that BitTorrent does not utilize intermediary host websites and that BitTorrent is not subject to DMCA, and on that basis denies that portion of the allegation. Defendant lacks sufficient knowledge or information to admit or deny that or why BitTorrent is "popular." Defendant admits that the BitTorrent protocol operates by direct interactions between users.

13.    In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces amongst each other instead of attempting to distribute a much larger digital file.

**ANSWER**:    Admitted.

14.    After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

**ANSWER**:    Admitted as to how BitTorrent works, except that not all users of BitTorrent technology are "infringers." Moreover, Defendant denies engaging in any infringing conduct.

15.    Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

**ANSWER**:    Defendant admits that pieces are assigned hash values but denies that each hash is necessarily "unique."

16.    The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value

correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

**ANSWER**:    Defendant denies that assignment of a cryptographic hash value for each piece will necessarily be "unique" in every instance, as this avoids the documented problem of what are typically called hash collisions.  It is possible (although rare) for two unrelated pieces to have an identical cryptographic hash value, as a matter of pure coincidence. Defendant admits that the BitTorrent protocol uses hash values in connection with routing pieces to BitTorrent users but otherwise lacks sufficient information to respond to the second sentence and on that basis, that sentence is denied.

17.    The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

**ANSWER**:    Defendant denies that assignment of a cryptographic hash value will necessarily be "unique" in every instance, but otherwise admits this allegation.

18.    Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

**ANSWER**:    Denied.

19.    Plaintiff's investigator downloaded from Defendant one or more pieces of each of the digital movie files identified by the file hashes on Exhibit A.

**ANSWER**:    Denied.

- 6 -

20. Each digital media file as identified by the file hash listed on Exhibit A correlates to a copyrighted film owned by Plaintiff, as set forth on Exhibit B.

**ANSWER:** Defendant does not possess sufficient information to address the veracity of the allegations contained in Paragraph 20, and on that basis they are denied.

21. A full copy of each digital media file was then downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched what is listed on Exhibit A. At no point was Plaintiff's copyrighted content uploaded to any other BitTorrent user.

**ANSWER**: Denied.

22. Each digital media file as identified by the file hash listed on Exhibit A has been verified to contain a digital copy of a movie that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted work listed on Exhibit B.

**ANSWER**: Denied.

23. Plaintiff owns the copyrights to the original works ("Copyrights-in-Suit"). An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

**ANSWER**: Defendant does not possess sufficient information to ascertain the veracity of the allegations contained in Paragraph 23, and on that basis they are denied.

24. Defendant downloaded, copied and distributed a complete copy of Plaintiffs movies without authorization as enumerated on Exhibits A and B.

**ANSWER**: Denied.

- 7 -

25.     Plaintiff's investigator, over a course of time, with Defendant's IP address for each digital media file identified by the hash value as listed on Exhibit A. The most recent TC/IP connection between IPP and the Defendant's IP address for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. UTC refers to Universal Time which is utilized for air traffic control as well as for computer forensic purposes.

**ANSWER**:     Defendant admits that Universal Time exists. The remaining allegations contained in Paragraph 25 are denied.

26.     Plaintiff's evidence demonstrates that Defendant is a habitual and persistent BitTorrent user and copyright infringer.

**ANSWER**:     Denied.

### Miscellaneous

27.     All conditions precedent to bringing this action have occurred or been waived.

**ANSWER**:     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 27, and on that basis they are denied.

28.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

**ANSWER**:     Defendant admits that Plaintiff has a lawyer, who it presumably pays, but otherwise lacks sufficient knowledge or information to admit or deny, and on that basis denies this allegation.

### COUNT I

### Direct Infringement Against Defendant

- 8 -

29.     The allegations contained in paragraphs 1-28 are hereby re-alleged as if fully set forth herein.

**ANSWER**:     Defendant adopts and incorporates his responses to Paragraphs 1-28 above as if set forth herein.

30.     Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

**ANSWER**:     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 30, and on that basis they are denied.

31.     By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

**ANSWER**:     Denied.

32.     Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

**ANSWER**:     Defendant denies distributing Plaintiff's works, and based on that assertion denies the allegations contained in Paragraph 32.

33.     As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process,

to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

**ANSWER**:     Denied.

34.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

**ANSWER**:     Denied.

35.     Defendant denies the allegations contained in the prayer for relief, which begins on Page 6 of Plaintiff's Complaint and begins "WHEREFORE", in their entirety. Defendant denies downloading or distributing Plaintiff's works, and denies that Plaintiff is entitled to any of the relief sought in Plaintiff's prayer for relief and anywhere else in its Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Misuse of Copyright

1.     The goal of copyright law is to promote the arts and technology by providing exclusive rights for a certain amount of time.

2.     The goal of copyright law is not to facilitate the creation of alternative revenue streams for creators of computer code.

3.      Upon information and belief, Plaintiff's goal in filing this lawsuit and others like it is not a judgment on the merits. Instead, Plaintiff uses the Federal Court system to coerce settlements.

4.      Upon information and belief, this lawsuit, like the many other Malibu Media suits, is a vehicle to create an alternative revenue stream rather than to promote the arts and technology.

5.      Accordingly, Plaintiff is attempting to impermissibly expand the use of copyright for improper means.

6.      For these reasons, Plaintiff should take nothing on its Complaint.

<u>Second Affirmative Defense - Unconstitutionally Excessive Damages</u>

7.      Plaintiff's claims are barred insofar as they seek statutory damages that are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause of the United States Constitution.

<u>Third Affirmative Defense - De Minimis</u>

8.      Upon information and belief, Plaintiff generates millions of dollars in revenue by filming, photographing and video recording sexual acts and selling those recordings on the Internet.

9.      Upon information and belief, Plaintiff provides many of those recordings free through third-party websites such as **www.pornhub.com**.

10.     Defendant has been accused of downloading pieces of 8 different films, all of which could have been downloaded through **x-art.com** for a scant $29.95.

11.     Defendant stands accused of providing small portions of data corresponding to the copyrighted works to Plaintiff's investigators. In fact, upon information and belief, Defendant contends that none of the pieces Plaintiff's investigators allegedly downloaded from someone using his IP address is large enough to be played on a movie player, and was not, and could not have been, examined to determine whether any piece allegedly downloaded from anyone using his IP address contained an original, constituent element of any of the works listed on Exhibit A to the Complaint. *See* Ex. A.

12.     Defendant's expert has previously testified in another federal court that his company, IPP, downloads 16 kilobyte pieces, which he admits are too small be be played on any movie player. Plaintiff's Complaint specifically provides that they download these tiny pieces from a putative defendant, then download the entire movie from other BitTorrent users online, *not the defendant*, and then perform a comparison of the copy of the work they downloaded from other unnamed parties to the original work. There is no comparison made between the original work and the pieces allegedly downloaded from Defendant. *See* Ex. A.

13.     These 16 kilobyte pieces may prove to contain minimal or no elements of creativity or no constituent parts of the original work that would constitute protectable elements. The Court cannot know the answer to this, as Plaintiff's expert has previously admitted under oath that the pieces are too small to be viewed. This means that not only did Plaintiff know the pieces were too small to be viewed, but they filed this lawsuit without examining the evidence allegedly obtained from this defendant to determine whether they contain any element of creativity or any constituent part of the original work that would constitute protectable elements under the Copyright Act. Plaintiff cannot prove any actual financial loss from the alleged

infringement, and any such damage would be limited to a small fee for membership on Plaintiff's website.

14.     These amounts are minimal and Plaintiff should take nothing based on the doctrine of *de minimis non curat lex.*

<u>Fourth Affirmative Defense - Failure to Mitigate Damages</u>

15.     Plaintiff has hired IPP International UG ("IPP") to provide evidence of BitTorrent activity that allegedly infringes on its copyrights.

16.     IPP has provided Plaintiff with information that Plaintiff has used to bring myriad cases throughout the United States and allegedly identified Defendant's IP Address as allegedly infringing some time ago.

17.     Plaintiff failed to take any steps to mitigate its damages.

18.     In particular, Plaintiff failed to make use of the inexpensive takedown processes provided by the Digital Millennium Copyright Act.

19.     Further, unlike other industry participants such as the Recording Industry Association of America and the Motion Picture Association of America, Plaintiff has, upon information and belief, failed to engage in the "Six-Strikes Copyright Alert System," or any other similar system.

20.     Having failed to mitigate its damages, Plaintiff  is entitled to no relief.

<u>Fifth Affirmative Defense - No Infringement</u>

21.     Defendant has not engaged in or contributed to any infringement of the copyrights alleged. Even if Plaintiff's expert received pieces of data from a user of Defendant's IP address, such pieces are so small as to be insufficient to prove Plaintiff's claim of copyright infringement.

- 13 -

As noted above, and in the exhibit to Defendant's Counterclaims, Plaintiff's expert has admitted under oath that his company, IPP, downloads 16 kilobyte pieces from each putative defendant. He admitted under oath that those pieces are too small to be viewed on any movie viewing application or software. They cannot be and have not been evaluated to determine whether they contain any element of creativity or any constituent part of the original work that would constitute protectable elements under the Copyright Act.

### Sixth Affirmative Defense - Failure to State a Cause of Action

22.     The facts alleged by Plaintiff are insufficient to state a cause of action against Defendant. Plaintiff has admitted via creative drafting of its Complaint that it never downloaded a complete copy of any of the works listed on Exhibit A from Defendant.

23.     Moreover, Plaintiff has failed to plead, and cannot prove, that any of the pieces allegedly downloaded from Defendant contained original expressions or constituent elements of any of the works listed on Exhibit A to the Complaint.

### Seventh Affirmative Defense - Failure to Join Indispensable Parties

24.     Plaintiff has failed to join indispensable parties, namely other participants in the so-called swarms from which it downloaded whole copies of the works listed on Exhibit A to the Complaint for the purpose of comparison against the pieces allegedly downloaded from Defendant.

25.     Specifically, Plaintiff has pleaded that its experts downloaded some pieces of each work listed on Exhibit A from Defendant, and then downloaded all of the pieces of each work from other BitTorrent users online to create a single, playable copy of each work. Each of the parties from whom Plaintiff downloaded pieces sufficient to form a complete copy of each work

listed on Exhibit A to the Complaint for comparison against the pieces allegedly downloaded from Defendant is an indispensable party to this matter.

Eighth Affirmative Defense - Statutory Relief Not Available

26.     The one-satisfaction rule operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs, and/or attorney's fees under 17 U.S.C. § 504 to the extent plaintiff has already recovered for alleged infringements in prior actions or settlements.

27.     Moreover, insofar as Plaintiff has received an award for statutory damages against other "swarm" participants transferring any particular film, Plaintiff's recovery should be limited to Defendant's portion of that statutory award.

Ninth Affirmative Defense - No Willful Infringement

28.     Any infringement by Defendant was innocent and not willful.

29.     Without admitting liability, Defendant states that he was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

30.     Plaintiff has failed to show any specific intent by Defendant to infringe the works listed on Exhibit A to the Complaint.

Tenth Affirmative Defense - Acquiescence

31.     Plaintiff's claims are barred by the doctrine of acquiescence.

32.     Plaintiff knew its films were being distributed and downloaded online via BitTorrent technology and did nothing.

<u>Eleventh Affirmative Defense - Estoppel</u>

33.     Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any

infringement, Defendant alleges that, though Plaintiff  knew the facts of any alleged file-sharing

by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such a

manner that Defendant and/or third parties were entitled to, and did, believe that the continued

availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to

download were induced by, and done in reliance on, Plaintiff's conduct. This is compounded by

the fact that Plaintiff, upon information and belief, allows for free distribution of its films on so-

called "tube sites."

<u>Twelfth Affirmative Defense - Unclean Hands</u>

34.     Plaintiff's claims are barred by the doctrine of unclean hands.

35.     Plaintiff filed this case and with full knowledge that it had not downloaded pieces

of sufficient size to be properly analyzed for evidence of copyright infringement from anyone

using Defendant's IP address.

36.     Plaintiff sought permission to conduct early discovery and with full knowledge

that it had not downloaded pieces of sufficient size to be properly analyzed for evidence of

copyright infringement from anyone using Defendant's IP address and failed to disclose this fact

to the Court in an *ex parte* proceeding at which it had a heightened duty to disclose both

exculpatory and inculpatory information and evidence.

<u>Thirteenth Affirmative Defense - Lack of Volitional Act</u>

37.     Plaintiff's claims are barred because the alleged infringement was not caused by a

volitional act attributable to Defendant.

- 16 -

38. Defendant denies committing any volitional act, and denies infringing any of Plaintiff's copyrights.

### Fourteenth Affirmative Defense - Injunctive Relief Not Warranted

39. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

40. Moreover, the "Most Recent Hit UTC" (Doc. 13-2) suggests that any purported infringement is no longer ongoing, as Plaintiff filed its Complaint on July 20, 2018, and the most recent hit listed therein is May 22, 2018.

### Fifteenth Affirmative Defense - Intervening Causes

41. Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each such separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

### Additional Defenses

42. Defendant reserves the right to supplement and/or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and pleadings in this action.

### **COUNTERCLAIMS AGAINST MALIBU MEDIA, LLC**

By way of counterclaim against Malibu Media, LLC, defendant and counterclaimant John Doe states as follows:

- 17 -

<u>The Parties</u>

1.      Defendant is an individual residing in this judicial district.

2.      Plaintiff/Counter-defendant, Malibu Media, LLC, (d/b/a "X-Art.com") is a limited liability company organized and existing under the laws of the State of California, having its principle place of business located at 9701 Wilshire Boulevard, 10th Floor, Beverly Hills, California, 90212 (according to the California Secretary of State as of the date of the filing of this Answer and Counterclaims).

<u>Jurisdiction and Venue</u>

3.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the U.S. Constitution, and arise out of common facts, transactions, or occurrences as provided under Rules 13 and 20 of the Federal Rules of Civil Procedure.

4.      This Court has personal jurisdiction over Malibu Media. Malibu Media availed itself of this Court's jurisdiction by bringing this action in this District.

5.      Venue in this District is proper over the Counterclaims pursuant to 28 U.S.C. § 1391.

<u>General Background for All Counterclaims</u>

6.      Plaintiff is one of the most prolific copyright litigants in recent American history.

7.      Plaintiff creates pornographic works and sells subscriptions to users to view them.

8.      Plaintiff, through its experts, begins collecting data on alleged infringement almost immediately upon release of its works.

9.      Plaintiff has filed many thousands of lawsuits against purported infringers that used BitTorrent to infringe on its copyrights in its pornographic films.

10.      In the past, Plaintiff filed so-called mass-Doe suits, wherein it filed against a large number of purported infringers in a single action in a given district. It later refined that practice to filing single-Doe cases in large numbers in any given district.

11.      More recently, Plaintiff has elected to sue smaller numbers of individuals.

12.      In the past, Plaintiff has acknowledged that an IP address, alone, is insufficient to identify an infringer.

13.      Many John Doe defendants settle the claims brought against them.

14.      Upon information and belief, many John Does have settled claims based on the nature of the films (pornographic) allegedly infringed using BitTorrent technology.

15.      Thus, it is not unlikely that Plaintiff has reached the statutory maximum for many of the copyrights that Plaintiff claims have been infringed or has already recovered statutory damages from other members of the swarms.

16.      Defendant has informed Plaintiff of possible issues with its investigators' evidence.

17.      Plaintiff recently filed a transcript of that testimony in support of its opposition to a motion filed in another Malibu Media case in this district. (Ex. A)

18.      Plaintiff's expert has testified in another jurisdiction that the pieces his firm downloads from each putative defendant are not large enough to be viewed on a movie player.

19.       Plaintiff's expert admitted that it downloads pieces that are 16 kilobytes in size, which would constitute a few seconds of content. (Ex. A. p. 63)

20.     Plaintiff is aware that its expert downloads pieces from each putative defendant but downloads the entire work from a whole swarm comprised of other internet users. (Ex. A, p. 79.)

21.     Plaintiff is aware that its expert only compares a 16 kilobyte piece downloaded from each putative defendant to its original work. (Ex. A, p. 79).

22.     Plaintiff is aware that the 16 kilobyte pieces downloaded by its expert contain less than a second of content "most of the time." (Ex. A, p. 81).

23.     Plaintiff's expert admitted under oath in that matter that the pieces collected from the defendant were not large enough to play on a movie player, and could not be viewed to compare them to the original work. (Ex. A, p. 92-93).

24.     Plaintiff's expert admitted under oath that the comparison that is being done between the pieces allegedly downloaded by each putative defendant and the original work is a comparison of "ones and zeros" and not a comparison to determine whether each piece downloaded by the putative defendant contains a constituent part of each work that would be subject to copyright protection. (Ex. A, p. 93).

25.     Plaintiff's expert admitted under oath that a 16 kilobyte piece is insufficient to determine whether a putative defendant downloaded the whole movie. (Ex. A, p. 94).

26.     Plaintiff's expert does no comparison between the pieces downloaded from each putative defendant and the original work to assess originality or whether each piece contains a constituent element of the original work.

27.     Defendant has been named as an infringer of copyrights, a claim he denies.

28.     Defendant wishes to clear his name of these accusations.

## Count I - Declaratory Judgment of Non-Infringement

29.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

30.     There is an actual and justiciable controversy between the parties regarding Defendant's purported infringement of Plaintiff's pornographic works.

31.     Internet service providers assign IP addresses to end users's routers, e.g. the router in Defendant's home, that access the Internet.

32.     IP addresses neither identify the computer connecting to the router nor the person using the computer.

33.     Indeed, the best correlation that an IP address can provide is the bill-payer for a given Internet account.

34.     Plaintiff has acknowledged that IP addresses do not identify infringers.

35.     Plaintiff is aware that neither it nor its experts have compared any piece allegedly downloaded from Defendant to the original work to determine whether any piece allegedly copied and distributed by this Defendant contained original material that is a constituent part of any of the works listed on Exhibit A.

36.     Despite the foregoing, filed the instant lawsuit against Defendant with insufficient evidence that he is an infringer of its copyrights.

37.     Defendant did not infringe the copyrights complained of in Plaintiff's Complaint.

## Count II - Abuse of Process

38.     Defendant adopts and incorporates the foregoing allegations made in his affirmative defenses, and in paragraphs 1-37 of his counterclaims as if set fully set forth herein.

39.     Plaintiff brought this action despite knowing that an IP address in insufficient to identify an infringer.

40.     Plaintiff brought this action and despite knowing that its investigator allegedly collected from his IP address data bits too small to be evaluated to determine whether they contain original content that is a constituent part of any of the works listed in Exhibit A of its Complaint.

41.     Plaintiff brought this action despite knowing that it had not examined any of the pieces allegedly downloaded from Defendant's IP address to determine whether they contained original content that is a constituent part of any of the works listed in Exhibit A of its Complaint.

42.     Plaintiff brought this action against Defendant despite knowing that it has, upon information and belief, collected a greater amount of money than statutory damages would allow from defendants in other matters.

43.     In doing the foregoing, Plaintiff used lawfully issued process for an ulterior or illegitimate purpose as part of an attempt to obtain results not intended by law, namely, to extract money from Defendant by leveraging the suit as a means of possible embarrassment.

44.     Plaintiff filed its Motion for Early Discovery on July 24, 2018. [ECF 5-7] Plaintiff failed to inform this Court in its *ex parte* requests to conduct early discovery and issue a subpoena to Defendant's internet service provider of the weaknesses in its case, the limitations of its evidence (including but not limited to the fact that its expert had collected pieces too small to be viewed or listened to on any media player), and the fact that it had completely failed to compare the pieces allegedly downloaded from Defendant's IP address to the original work because it had failed to collect pieces of evidence large enough to do so. In no filing did Plaintiff

- 22 -

inform the Court that not only had they not analyzed the pieces collected from a user at Defendant's IP address, but that no such examination can ever be done because the pieces are too small to be viewed.

45. In doing so, Plaintiff has abused the legal process of this Court for an end other than what it was designed to accomplish. It has and continues to do so because:

a. It filed the suit without, upon information and belief, a genuine intent to proceed, but instead as a means of obtaining the identify of the Defendant;

b. Plaintiff named Defendant with, upon information and belief, knowledge that its evidence did not demonstrate that Defendant was an infringer;

c. Plaintiff named Defendant with, upon information and belief, knowledge that the evidence allegedly collected from Defendant's IP address had not been sufficiently evaluated to determine whether it constituted copyright infringement; and

d. Upon information and belief, Plaintiff intends for this action to serve as a means to obtain settlement proceeds for claims not supported by the facts.

46. As a result of Plaintiff's wrongful actions, Defendant has been forced to expend his time and financial resources to defend himself against these unsupported claims.

47. Upon information and belief, Plaintiff knowingly undertook these actions and did so without any regard to the veracity of the claims it has brought. Plaintiff has acted knowingly, intentionally, and maliciously.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in his favor and against Malibu Media, LLC, providing as follows:

A.      Plaintiff take nothing from its Complaint and its claims be dismissed with prejudice;

B.      Declaring that Defendant is not liable for infringing Plaintiff's copyrights;

C.      That Plaintiff has misused its copyrights and they should be unenforceable;

D.      Finding that Plaintiff has abused process in this matter by knowingly filing this matter and seeking early discovery with insufficient evidence;

D.      Awarding Defendant his costs and reasonable attorney's fees incurred during this action;

E.      Awarding Defendant all damages resulting from Plaintiff's actions complained of; and

F.      Any other relief this Court deems just and proper.

**<u>Demand for Jury Trial</u>**

Under Federal Rule of Civil Procedure 38, and any other applicable Rule or law, Defendant demands a trial by jury as to any issue triable by a jury.

Respectfully submitted,

<u>/s/ Erin K. Russell</u>
Erin K. Russell, Esq.
THE RUSSELL FIRM, LLC
650 W. Lake Street, Suite 210A
Chicago, IL 60661
T: 312-994-2424
erin@russellfirmip.com
*Counsel for Defendant*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 16, 2018, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

<u>/s/ Erin K. Russell</u>

- 24 -